**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

| | |
|---|---|
| SPRUCE CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 25-CV-11038-AK |
| v. | ) |
| | ) |
| KRISTI NOEM, *et al.*, | ) |
| | ) |
| Defendants. | ) |
|_____| ) |

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR TEMPORARY RESTRAINING ORDER

**ANGEL KELLEY, D.J.**

This matter is before the Court on Plaintiff Spruce Campbell's Motion for Temporary

Restraining Order ("TRO") [Dkt. 5] against Defendants Kristi Noem, in her official capacity as

Secretary of the Department of Homeland Security ("DHS"), Todd Lyons, in his official capacity

as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), and both DHS and

ICE (collectively, "Defendants").  Campbell received his F-1 student visa in 2023 and began

studying as a full-time student at the Massachusetts Institute of Technology ("MIT").  He has an

anticipated graduation date of Spring 2026.  On April 8, 2025, Campbell received an email from

the State Department stating that his student visa, set to expire in May 2027, had been revoked

due to "additional information" that arose post-issuance.  He was also informally notified by an

MIT official that his record in the Student Exchange and Visitor Information System (SEVIS)

had been terminated by DHS for "failure to maintain status."

Campbell requests that the Court enter a TRO: (1) requiring the Defendants to restore his

SEVIS record; (2) preventing the Defendants from initiating removal proceedings against and/or

detaining him based on his immigration status; and (3) waiving the security requirement. He maintains he has complied fully with the terms of his student visa, including maintaining a full courseload, and that he received no advance warning or formal notification from DHS or ICE regarding any alleged non-compliance or the intent to terminate his SEVIS record. He represents that the termination of his SEVIS record places him at imminent risk of accruing an unlawful immigration status, thereby exposing him to potential detention at ICE's discretion. Campbell argues he is likely to succeed on the merits of his claims, that the Defendants will not suffer monetary harm from the relief sought, and he would face significant difficulty posting security.

Upon consideration of the moving papers and with the benefit of a hearing,[1] this Court finds that Campbell has shown he will sustain immediate and irreparable injury unless his motion is granted. Therefore, a TRO is justified and Campbell's motion [Dkt. 5] is **GRANTED**. The Defendants are temporarily **ENJOINED** as follows:

1. The Defendants are **ORDERED** to temporarily set aside their determination that Campbell's F-1 student status is terminated. The Defendants shall restore his student status and SEVIS authorization, retroactive to April 8, 2025.

2. The Defendants are **ENJOINED** from directly or indirectly enforcing, implementing, or otherwise taking any action or imposing any legal consequences because of the Defendants' decision to terminate Campbell's SEVIS records, including arresting or detaining him, removing him from this Court's jurisdiction, or ordering the same.

3. The Plaintiff is **ORDERED** to submit supplemental briefing on the Court's jurisdiction by **Friday, April 25, 2025**. The Defendants' opposition is due no later than **Wednesday, April 30, 2025** by **12:00 PM**. The Plaintiff may file a reply brief,

---

[1] Counsel for the Defendants was notified and made an appearance at the hearing.

limited to ten pages, by **Friday, May 2, 2025** by **5:00 PM**.  Counsel shall appear in-person for a hearing on **Monday, May 5, 2025** at **2:30 PM** in **Courtroom 8**.

4.  No bond is required under Fed. R. Civ. P. 65(c) because the Defendants will not suffer monetary injury from this grant of relief, and a bond would impose undue hardship on Campbell.

This Order shall become effective immediately upon entry by this Court and, pursuant to Fed. R. Civ. P. 65(b)(2), will expire 14 days thereafter unless the Court extends it for good cause shown or the Defendants consent to an extension.

This Order shall apply to the fullest extent permitted by Federal Rule of Civil Procedure 65(d)(2) and 5 U.S.C. §§ 705 and 706.

**SO ORDERED.**

Dated: April 22, 2025                                   /s/ Angel Kelley_____
                                                        Hon. Angel Kelley
                                                        United States District Judge